IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY DON BALDWIN,

    Petitioner,                    No. CIV S-10-CV-0489 JAM CHS

    vs.

KATHLEEN ALLISON,[1]

    Respondent.                FINDINGS AND RECOMMENDATIONS

                         /

## 1. INTRODUCTION

Petitioner, Gary Don Baldwin, is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently serving an aggregate sentence of 126 years, 8 months plus 90 years to life following his 2007 conviction in the Sacramento County Superior Court for 13 counts of sexual abuse against his stepdaughter, and two counts of child abuse against his son and daughter. Here, Petitioner challenges the constitutionality of his convictions.

---

[1] Kathleen Allison is substituted for her predecessor, Ken Clark, as the current acting warden at California Substance Abuse Treatment Facility, where Petitioner is currently incarcerated, pursuant to FED. R. CIV. P. 25(d).

1

## II. CLAIMS

Petitioner presents two grounds for relief. Specifically, the claims are as follow:

(1) The trial court violated his due process right to confront and cross-examine the witnesses against him by excluding the proffered testimony of Joseph Wardell and Leroy Russ that his wife had falsely accused them of molesting M., Petitioner's step-daughter.

(2) The trial court erred in admitting evidence of prior uncharged acts of sexual misconduct under sections 1108 and 352 of the California Evidence Code, rendering his trial fundamentally unfair.

Based on a thorough review of the record and applicable law, it is recommended that both of Petitioner's claims be denied.

## III. BACKGROUND

The relevant facts of Petitioner's crime were summarized in the unpublished opinion of the California Court of Appeal, Third Appellate District, as follows:

> Given the nature of defendant's claims on appeal, a detailed recitation of the facts is unnecessary. Suffice it to say, defendant sexually abused his stepdaughter, D., by committing acts of oral copulation, attempted sexual intercourse, attempted sodomy, and unlawful touchings. He also beat two of his other children. Among the witnesses testifying at trial was another stepdaughter, M., who described uncharged acts of sexual abuse that defendant had committed against her.
>
> Defendant denied any culpability and argued that his wife and children fabricated these charges in order to get him out of the house. The jury rejected this claim and convicted defendant of all 15 counts.

Lodged Doc. 4 at 2.

Petitioner timely appealed his convictions to the California Court of Appeal, Third Appellate District. The court affirmed his convictions with a reasoned opinion on March 2, 2009. He then filed a petition for review of the appellate court's decision in the California Supreme Court. The court denied his petition without comment on May 13, 2009. Petitioner filed his federal petition for writ of habeas corpus on February 26, 2010. Respondent filed its answer on July 26, 2010, and

2

Petitioner filed his traverse on November 1, 2010.

## IV. APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of *habeas corpus* filed after its enactment on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997). Under AEDPA, an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 n. 7 (2000). Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Penry v. Johnson*, 531 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001). This court looks to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).

## V. DISCUSSION

**A. PRIOR ALLEGATIONS BY PETITIONER'S WIFE AND STEPDAUGHTER**

Petitioner claims that the trial court improperly excluded the proffered testimony of Joseph Wardell and Leroy Russ. He alleges that the two men would have testified that Petitioner's wife, Gerilyn, and his stepdaughter, M., had previously fabricated accusations that Wardell and Russ

3

had sexually molested M. Petitioner's theory of defense was that Gerilyn and D. also fabricated the accusations that he sexually molested D. because they wanted to get rid of him, and wanted to do so in a way that would afford Gerilyn sole custody of the children. Petitioner contends that the testimony of Wardell and Russ would have demonstrated that Gerilyn and her children had successfully employed the same technique in the past. Accordingly, the trial court's exclusion of the proposed testimony deprived him of his due process rights to present his theory of defense and to fully confront and cross-examine Gerilyn and M. at trial. The California Court of Appeal, Third Appellate District, considered and rejected Petitioner's claim on direct appeal, explaining as follows:

> To support his claim that his wife, Gerilyn, had conspired with her children to fabricate the charges against him, defendant sought to introduce testimony from L.R. and J.W. that Gerilyn had lodged similar false charges against them. The trial court excluded this evidence under section 352, a ruling defendant challenges on appeal. Again, the court's determination was well within its discretion.
>
> Defendant's claim centers around the following:
>
> When M. was two or three years old, she returned from a visit with her father, L.R., and reported to Gerilyn that her father had touched her genital area and that it hurt. Gerilyn took M. to a medical center for examination but no charges were filed due to M.'s age. According to defense counsel, a detective had interviewed L.R. and his girlfriend, but counsel knew nothing else about the investigation or its outcome.
>
> When M. was five years old, she reported to her day care provider that her stepfather, J.W., had showed her pornographic movies and touched her. The day care provider relayed this information to Gerilyn, and the authorities were notified. According to the prosecutor, J.W. was monitored by Child Protective Services but nothing further happened.
>
> Defendant asserted that the charges against both L.R. and J.W. were trumped up, and supported his theory that Gerilyn had made similar false allegations in the present case.
>
> The trial court excluded this testimony under section 352. The court found that the probative value of the proffered evidence was weak, noting that while in the earlier cases it was Gerilyn who had reported the men to the authorities, here it was the victim's stepfather (the same J.W.), who called law enforcement to report his daughter's

4

claims. Given these circumstances, the "Gerilyn-as-common-link" theory was less than compelling.

The court also observed that the circumstances surrounding the claims against L.R. was [sic] "complicated" and would require a multitude of witnesses, because it was not clear why the case was not prosecuted. As the court stated, "[T]here could be many different [explanations] . . . not all of which rests [sic] on a determination that the accusation was false."

The same problems were present in the incident involving J.W. The court noted that Gerilyn had custody of M. At the time of the incident involving J.W., weakening defendant's argument that Gerilyn had a motive to fabricate a claim against J.W. Proving the falsity of the accusations against J.W. would require testimony from a number of witnesses, not just J.W. and Gerilyn.

The court concluded that the slight probative value of the proffered evidence was outweighed by a substantial likelihood of confusing the jury, requiring an undue consumption of time, and prejudicing defendant. The court therefore excluded this evidence under section 352.

A trial court enjoys broad discretion under section 352 "in assessing whether the probative value of particular evidence is outweighed by concerns of undue prejudice, confusion or consumption of time. [Citation." (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.) The court's determination "'will not be overturned on appeal in the absence of a clear abuse of that discretion, upon a showing that the trial court's decision was palpably arbitrary, capricious, or patently absurd, and resulted in injury sufficiently grave as to amount to a miscarriage of justice.'" (*People v. Lamb* (2006) 136 Cal.App.4th 575, 582.)

Defendant cannot demonstrate an abuse of discretion here. Defendant's theory focused on Gerilyn's motivations for fabricating claims of abuse. But the charges here were raised not by Gerilyn, but by the victim herself, who reported defendant's conduct to her father, J.W., and it was J.W. who called the authorities. Under these circumstances, the court properly concluded that evidence of prior accusations made by *Gerilyn*, were of minimal, if any, relevance.

Perhaps most importantly, defendant's theory depends on the prior allegations in fact having been false. That was not established. Given the state of the evidence, the court concluded that minitrials on each of the prior incidents would be necessary, a digression that posed a substantial risk of confusing the jury while requiring an undue consumption of time.

5

> Given these circumstances, the trial court acted well within its discretion in excluding defendant's proffered evidence, and there was no error.
>
> The proper exercise of discretion under section 352 also disposes of defendant's claims that his constitutional rights to due process and confrontation were violated. (See *People v. Quartermain* (1997) 16 Cal.4th 600, 623; *People v. Hawthorne* (1992) 4 Cal.4th 43, 58; *People v. Greenberger* (1997) 58 Cal.App.4th 298, 350.) The application of the ordinary rules of evidence generally does not infringe on a defendant's constitutional rights, and defendant has not established any exception to this rule. (See *People v. Prince* (2007) 40 Cal.4th 1179, 1229.)

Lodged Doc. 4 at 5-8.

To the extent that Petitioner contends that he is entitled to habeas corpus relief based on an alleged violation of California state evidentiary law, his claim fails because habeas corpus will not lie to correct errors in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Absent some federal constitutional violation, a violation of state evidentiary law does not ordinarily provide a basis for federal habeas corpus relief. *Estelle*, 502 U.S. at 67-68. Accordingly, a state court's evidentiary ruling, even if erroneous, is grounds for federal habeas corpus relief only if it renders the state proceedings so fundamentally unfair as to violate due process. *Drayden v. White*, 232 F.3d 794, 710 (9th Cir. 2000); *Spivey v. Rocha*, 194 F.3d 971, 977-78 (9th Cir. 1999); *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).

Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation of the Sixth Amendment, the United States Constitution guarantees criminal defendants a meaningful opportunity to present a defense and to present relevant evidence in their own defense. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (citing *California v. Trombetta*, 467 U.S. 479, 485 (1984); *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). This right is not unlimited, but rather, is subject to reasonable restrictions. *United States v. Scheffer*, 523 U.S. 303, 308 (1998). A criminal defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and

6

innocence." *Chambers*, 410 U.S. at 302.  Accordingly, there is no "unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). "[W]ell-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors, such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006). Under the Constitution, states are afforded a "broad latitude" in establishing  "rules excluding evidence from criminal trials." *Id*. at 324 (internal quotations omitted). Evidentiary rules "do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *Scheffer*, 523 U.S. at 308 (internal quotations omitted).

In Petitioner's case, the trial court excluded the proffered testimony under section 352 of the California Evidence Code on the grounds that the probative value of the testimony was weak and was outweighed by a substantial likelihood of confusing the jury, would require an undue consumption of time, and may prejudice the defendant. Petitioner has failed to demonstrate how the trial court's exclusion of the proffered testimony was contrary to or an unreasonable application of the clearly established federal principles described above. The relevance of Petitioner's theory that Gerilyn and her daughter had fabricated similar allegations of sexual molestation against Wardell and Russ in the past depended upon the prior allegations being false. The actual falsity of the prior allegations, however, was not clear from the evidence and would have required testimony from a number of witnesses resulting, in essence, in miniature trials on each of the prior allegations. For the reasons stated by the state appellate court, the trial court properly exercised its discretion in excluding the proffered testimony of Joseph Wardell and Leroy Russ

Petitioner is not entitled to federal habeas corpus relief on this claim.

**B. EVIDENCE OF PRIOR UNCHARGED ACTS**

Petitioner claims that the trial court abused its discretion under sections 352 and 1108

7

of the California Evidence Code by admitting evidence of prior uncharged sexual misconduct committed by him against his stepdaughter, M. The jury was then instructed, pursuant to sections 1101 and 1108 of the California Evidence Code, that the acts or prior uncharged sexual misconduct could be used as evidence of Petitioner's propensity to commit sexual offenses against female minors, and as evidence that he was guilty of the charged offenses. According to Petitioner, the admission of the challenged evidence rendered his trial fundamentally unfair and denied him his federal right to due process of law. The California Court of Appeal, Third Appellate District, considered and rejected Petitioner's claim on direct appeal, explaining as follows:

> Defendant contends that the court erred in permitting evidence of uncharged sex acts perpetrated by defendant against his stepdaughter, M. This evidence was properly admitted under Evidence Code sections 1108 and 352. (Unspecified section references that follow are to the Evidence Code.)
>
> Section 1108 is an exception to the general prohibition on propensity evidence and permits the admission of other sex crimes, in a sex offense prosecution, for the purpose of showing a defendant's propensity to commit such crimes. The admissibility of this evidence is subject only to the weighing of probative value and prejudicial impact under section 352. (See *People v. Falsetta* (1999) 21 Cal.4th 903, 911; *People v. Britt* (2002) 104 Cal.App.4th 500, 505.) "Rather than admit or exclude every sex offense a defendant commits, trial judges must consider such factors as its nature, relevance, and possible remoteness, the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, its similarity to the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses, or excluding irrelevant though inflammatory details surrounding the offense." (*People v. Falsetta, supra,* 21 Cal.4th at p. 917.)
>
> "By subjecting evidence of uncharged sexual misconduct to the weighing process of section 352, the Legislature has ensured that such evidence cannot be used in cases where its probative value is substantially outweighed by the possibility that it will consume an undue amount of time or create a substantial danger of undue prejudice, confusion of issues, or misleading the jury. [Citation.] This determination is entrusted to the sound discretion of the trial jduge who is in the best position to evaluate the evidence." (*People v. Fitch*

8

(1997) 55 Cal.App.4th 172, 183.)

Here, the prosecution sought to introduce testimony from M., defendant's stepdaughter. M. would testify that defendant: (1) often entered the bathroom and watched her when she was unclothed and showering, (2) once pulled a towel from her and touched her breast, and (3) threatened to make M. his "sex toy" and "take [her] virginity" if she did not improve her school grades.

The court permitted this testimony, noting that when these acts occurred, M. was about the same age as the current victim, another stepdaughter. The court concluded that this evidence was the type contemplated by section 1108, and found it admissible under section 352 because its probative value outweighed any potential for prejudice, undue consumption of time, or confusion.

Contrary to defendant's claim, this ruling was well within the court's discretion. This evidence had strong probative value. The victims in each case were defendant's preteen and teenage stepdaughters. M.'s testimony was not unduly prejudicial and was unlikely to confuse or distract the jury. Unlike *People v. Harris* (1998) 60 Cal.App.4th 727, 738, a case relied upon by defendant, the incidents involving M. were far less serious than the charged offenses and would not evoke an emotional bias against defendant. (See *People v. Bolin* (1998) 18 Cal.4th 297, 320.) The trial court did not abuse its discretion in ruling this evidence admissible under section 352. There was no error.

Lodged Doc. 4 at 2-5.

Once again, to the extent that Petitioner claims that he is entitled to habeas corpus relief based on alleged violations of sections 352 and 1108 of the California Evidence Code, his claim fails because habeas corpus will not lie to correct errors in the interpretation or application of state law. *Estelle*, 502 U.S. at 67. The central issue, therefore, "is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991). "'The admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process.'" *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (quoting *Johnson v. Sublett,* 63 F.3d 926, 930 (9th Cir. 1995) (internal citation omitted)).

With respect to Petitioner's claim that the admission of the challenged testimony

9

violated his federal right to due process of law,

> The Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process. Although the Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair, *see* [*Williams v. Taylor*, 529 U.S. 362, 365 (2005)], it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ. Absent such "clearly established Federal law," we cannot conclude that the state court's ruling was an "unreasonable application." [*Carey v. Musladin*, 549 U.S. 70, 77 (2006)].

*Holley*, 568 F.3d at 1101.

The Supreme Court has declined to hold that evidence of other crimes or bad acts "so infused the trial with unfairness as to deny due process of law." *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991) ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."); *Alberni v. McDaniel*, 458 F.3d 860, 866-67 (9th Cir. 2006) (noting that the Supreme Court has denied certiorari at least four times on the propensity evidence issue reserved in *Estelle*). Likewise, the Court has yet to rule on whether propensity evidence admitted in a criminal trial pursuant to state evidentiary law violates due process. *Id.* Accordingly, since the Supreme Court has not clearly established that use of propensity evidence in a criminal trial violates due process, a state court's decision on the matter cannot be contrary to or an unreasonable application of clearly established federal law. *See Alberni*, 458 F.3d at 867 (denying due process claim based on the use of propensity evidence for lack of a "clearly established" rule from the Supreme Court).[2]

---

[2] It is also worth noting that the Ninth Circuit Court of Appeals has explained how the California Evidence Code safeguards a criminal defendant's due process rights with regard to the admission of propensity evidence as follows:

> Our holding in *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001), supports our conclusion that the admission of the propensity evidence did not violate [the petitioner's] due process rights. In *LeMay*, on direct appeal rather than collateral review, we upheld the

10

Petitioner is not entitled to federal habeas corpus relief on this claim.

## VI.  CONCLUSION

For all of the foregoing reasons, the petition should be denied. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's February 26, 2010 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied; and

2. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

---

introduction of evidence under Federal Rule of Evidence 414 – which is roughly analogous to California Rule of Evidence 1108, allowing former acts evidence with respect to allegations of child molestation – as being consistent with due process requirements. *Id*. at 1022. We noted that Rule 414 evidence must pass the requirements of Rules 402 and 403, *id*. at 1026-27, the federal analogs to California Rule of Evidence 352 under which [the witness'] testimony was admitted. We reasoned that due process requires that admission of prejudicial evidence not render a trial fundamentally unfair, which Rule 402, ensuring relevance, and Rule 403, guarding against overly prejudicial evidence, together guarantee. *Id*. California Evidence Rule 352 establishes a similar threshold for the propensity evidence introduced at [the petitioner's] trial, suggesting that under *LeMay*, Rule 352, like Federal Rules 402 and 403, safeguards due process and protected [the petitioner's] trial from fundamental unfairness.

*Mejia v. Garcia*, 534 F.3d 1036, 1047 n.5 (2008).

11

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3 within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951
4 F.2d 1153 (9th Cir. 1991).  Any reply to the objections shall be filed and served within seven days
5 after service of the objections.

DATED: February 7, 2011

*/s/ Charlene H. Sorrentino*
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE